UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00124-GNS

PEPPY MARTIN                                                                    PLAINTIFF


v.


U.S. DEPARTMENT OF TRANSPORTATION;                           DEFENDANTS
KENTUCKY TRANSPORTATION CABINET; and
HART COUNTY CIRCUIT COURT


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (DN 5) and Plaintiff's Motion for Summary Judgment (DN 6). The motions are ripe for adjudication. For the reasons detailed below, the motions are **DENIED**.

## I.    STATEMENT OF FACTS

Plaintiff Peppy Martin ("Martin") filed a lawsuit against the U.S. Department of Transportation ("USDOT"), Kentucky Transportation Cabinet, and Hart County Fiscal Court in Hart Circuit Court on April 29, 2016. (Notice of Removal Ex. 1, DN 1-2 [hereinafter Compl.]) Plaintiff attempted to serve all three defendants via U.S. mail, but a declaration by USDOT Attorney Advisor Michelle S. Andotra ("Andotra") reflects that service was never properly received by USDOT in its Washington, D.C., office or its Kentucky Division Office in Frankfort,

Kentucky.[1] (Def.'s Resp. to Pl.'s Mot. Summ J. Ex. 1, ¶¶ 3-4, DN 8-1[hereinafter Andotra Decl.]) USDOT became aware of the action when co-Defendant Hart County Fiscal Court sent USDOT a courtesy copy of their Motion to Dismiss in state court. (Andorta Decl. ¶ 5). On July 22, 2016, the USDOT removed the case to federal court pursuant to 28 U.S.C. § 1442. (Notice of Removal). Plaintiff filed a Motion to Remand the case on August 15, 2016 and a Motion for Summary Judgment on August 19, 2016. (Pl.'s Mot. to Remand; Pl.'s Mot. Summ. J.).

## II.    __JURISDICTION__

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1), which allows actions to be removed when a claim is asserted against a federal agency. *See Smith v. Puett*, 506 F. Supp. 134, 137 (M.D. Tenn. 1980) (noting that 28 U.S.C. § 1442(a)(1) "has long been held to be a jurisdictional grant in itself . . . ." (citations omitted)).

## III.    __DISCUSSION__

### A.    __Plaintiff's Motion to Remand__

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her*

---

[1]According to Andotra, the Plaintiff incorrectly sent the complaint and summons to 1220 N. Jersey Street, S.E., Washington, DC 20590, and the correct address is 1200 New Jersey Avenue, SE, Washington, DC 20590. (Andotra Decl. ¶ 2).

*Majesty the Queen in Right of Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

Plaintiff seeks to remand this matter to Hart Circuit Court on the basis that there is a lack of federal jurisdiction in this matter. Specifically, Plaintiff argues that the requirements for diversity jurisdiction or federal question jurisdiction in this matter are not met; however, USDOT did not remove this matter on the basis of diversity of the parties or federal question. Rather, USDOT relied upon 28 U.S.C. § 1442. (Notice of Removal).

In relevant part, the statute provides:

A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or *any agency thereof* or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (emphasis added). "'[Section] 1442(a)(1) as amended permits a federal agency to remove to federal district court without limitation.'" *In re Estate of West v. U.S. Dep't of Veteran Affairs*, No. 3:16-CV-00166-TBR, 2016 WL 4180004, at *2 (W.D. Ky. Aug. 5, 2016) (quoting *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 390-91 (6th Cir. 2007). "'[W]hen federal parties remove an action under Section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit . . . .'" *In re Jenkins Clinic Hosp. Found., Inc.*, 861 F.2d 720, 1988 WL 114807, at *4 (6th Cir. 1988) (quoting *Dist. of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985)).

3

USDOT is clearly an agency of the United States, and thus falls within the jurisdiction of Section 1442(a)(1). Additionally, the other Defendants in this matter, Kentucky Transportation Cabinet and Hart County Circuit Court, are properly in this Court because once a "federal part[y] remove[s] an action under Section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case . . . ." *In re Jenkins*, 861 F.2d at 720.  USDOT's removal of the case to this Court pursuant to 28 U.S.C. § 1442 is proper.

### B.   Plaintiff's Motion for Summary Judgment

The Court may only grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party must point to specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

While the Court must review the evidence in a light most favorable to the non-moving party, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present specific facts demonstrating that a genuine issue of fact exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Moreover, the non-moving party must establish a genuine issue of material fact with respect to each element of each of her claims. *Celotex*, 477 U.S. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; instead, the non-

moving party must present evidence upon which the jury could reasonably find for her. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 252).

In Plaintiff's Motion for Summary Judgment, she argues that summary judgment is proper on her claims because the "[Defendants] have refused to answer Any [sic] allegations." (Pl.'s Mot. Summ. J. 2). This motion is premature because USDOT has not received proper service in this matter; therefore, this Court does not have personal jurisdiction over USDOT. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). In consideration of Plaintiff's status as a *pro se* litigant, the Court will grant Plaintiff 30 days in which to properly serve USDOT. Thereafter, pursuant to Fed. R. Civ. P. 12(a)(2), USDOT will have 60 days to file an Answer.

### IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 5) and Plaintiff's Motion for Summary Judgment (DN 6) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 18, 2016

cc:     counsel of record
        Plaintiff, *pro se*

5