UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00124-GNS-HBB


PEPPY MARTIN                                                                    PLAINTIFF


v.


U.S. DEPARTMENT OF TRANSPORTATION; and
KENTUCKY TRANSPORTATION CABINET                               DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant U.S. Department of Transportation's Motion to Dismiss (DN 23), Defendant Kentucky Transportation Cabinet's Motion to Dismiss (DN 28), Plaintiff's Motions for Summary Judgment (DN 24, 33, 34), and Defendant U.S. Department of Transportation's Motion to Strike Plaintiff's Motions for Summary Judgment (DN 35).   For the following reasons, Defendants' Motions to Dismiss are **GRANTED**, Defendant's Motion to Strike is **DENIED AS MOOT**, and Plaintiff's Motions for Summary Judgment are **DENIED AS MOOT**.

## I.      BACKGROUND

Plaintiff Peppy Martin ("Martin"), appearing *pro se*, brings this action against the U.S. Department of Transportation ("USDOT") and Kentucky Transportation Cabinet ("KYTC") for alleged damages incurred as a result of the design and construction of the I-65 widening project that occurred adjacent to Martin's property.   (*See* Compl., DN 1-2). Martin alleges that the project has damaged her "health, wealth, and welfare . . . loss of privacy, and loss of future

1

income" and seeks $100 million in damages.  (Compl. 13).  USDOT and KYTC have moved to dismiss the Complaint arguing that this Court lacks subject matter jurisdiction and that the Complaint fails to state a claim.  (Def.'s Mot. Dismiss, DN 23; Def.'s Mot. Dismiss, DN 28).  USDOT has also moved to strike Martin's Motion for Summary Judgment from the record.  (Def.'s Mot. Strike, DN 35).  These matters are ripe for adjudication.

## II.     DISCUSSION

### A.     USDOT's Motion to Dismiss

USDOT moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss all claims against it.  (*See* Def.'s Mem. Supp. Mot. Dismiss 2-9, DN 23-1 [hereinafter USDOT's Mot.]).  In order to survive a motion to dismiss alleging a  lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  The Court must "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences."  *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted).  "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'"  *Munaco v. United States*, 522 F.3d 651, 652 (6th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

The sovereign immunity of the United States extends to federal agencies and federal officers in their official capacities.  *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). Without a "clear relinquishment" of sovereign immunity, a court has no jurisdiction overt tort actions against the United States.  *Dalehite v. United States*, 346 U.S. 15, 31 (1953).  Among the limited waivers of the government's sovereign immunity is the Federal Tort Claims

Act ("FTCA"), which provides a remedy against the United States for the torts of its officers and employees. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA waives the government's sovereign immunity for claims brought against it "for injury or loss of property, or personal injury or death by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).

Martin's alleged various state tort claims may not be maintained against USDOT. Aside from the fact that Martin has neither brought her state tort claims under the FTCA nor named the United States as a defendant, an actionable FTCA claim must be for injury caused by the negligent or wrongful conduct of a federal employee. *FDIC v. Meyer*, 510 U.S. 471, 477 (1994). The alleged negligent conduct of which Martin complains, however, was committed by employees either of the state or contracted by the state during the I-65 construction project. (*See* Compl.). The only link Martin alleges between the USDOT and the latter entities is that USDOT provides federal funds to those entities, and thus should have provided more oversight. (Pl.'s Resp. Def.'s Mot. Dismiss 1-2, DN 26 [hereinafter Pl.'s Resp. USDOT's Mot.]). But "the existence of federal funding, standing alone, does not establish an individual's status as a federal employee and hence the government's liability under the [FTCA] . . . ." *Haugen v. United States*, 492 F. Supp. 398, 401 (E.D.N.Y. 1980), *aff'd*, 646 F.2d 560 (2d Cir. 1980) (citations omitted); *see Orleans*, 425 U.S. at 813 ("The Tort Claims Act was never intended, and has not been construed by this Court, to reach employees or agents of all federally funded programs that confer benefits on people."). Because Martin has alleged no more than a funding relationship between the USDOT and the state employees whose conduct she challenges, she could not have

stated a valid FTCA claim against the USDOT even if she had brought one. Accordingly, the Court concludes that USDOT is immune from suit.[1]

Turning to USDOT's argument that the claims asserted against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a Rule 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the pleadings do not need to contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

USDOT contends that although the Complaint names USDOT as a defendant, she makes no mention of any legal wrongdoing specifically by USDOT. (USDOT's Mot. 4-5). Her allegations involving both Defendants include the following:

---

[1] Although not argued by Martin, the Court finds it important to note that USDOT did not waive the defense of sovereign immunity by removing to this Court. *See Bakus v. Bakus*, No. 3:14-CV-00981-CRS, 2015 WL 5031976, at *4 (W.D. Ky. Aug. 25, 2015) (holding that "[t]he defense of sovereign immunity survived the [federal agencies] removal, because '[t]he United States cannot be sued at all without the consent of Congress.'" (quoting *Muniz-Muniz*, 741 F.3d at 671)).

- "Defendants have, without her knowledge or express permission, effectively obviated her visibility on I-65 by creating a huge and expensive setback, some 15 feet thick and 50 feet deep."  (Compl. 10).

- "[t]he 3 Defendants have made a sheer mess not only of Plaintiff's frontage which has value for its visibility but also of the medians at the Bonnieville exit, particularly on the northbound side."  (Compl. 11).

- "Her land has been defaced, and its commercial development is hurt by the lack of vision of Defendants."  (Compl. 12).

These allegations simply do not state a cognizable cause of action directly attributable to USDOT.  In her response to USDOT's motion to dismiss, Martin expounds on her claims against USDOT.  Usually, new factual allegations made in a parties' filings may not be considered in resolution of a 12(b)(6) motion.  *See Gundlach v. Reinstein*, 924 F. Supp. 684, 688 n.4 (E.D. Pa. 1996) (refusing to consider allegation that was not in complaint but appeared for the first time in plaintiff's legal memoranda regarding his Rule 12(b)(6) motion).  The Court, however, is cognizant of Martin's status as a *pro se* litigant.  Regardless, even if the Court considers Martin's specified allegations, she still does not state a cognizable claim upon which relief can be granted.

In her response, Martin maintains that the USDOT is the owner of the real estate from which damage has occurred and that the USDOT should have more closely supervised the project due to the State's "penchant for graft, closet deals, [c]orruption resulting in disregard for quality."  (Pl.'s Resp. USDOT's Mot. 1).  She further states that the USDOT should have sent in federal inspectors from other states and that the USDOT failed to remind Kentucky officials that funding for engineering and economic surveys is available.  (Pl.'s Resp. USDOT's Mot. 1-2).  In order to survive a Rule 12(b)(6) motion, the complaint must recite "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.  Even construing Martin's allegations in the light most favorable to her, the Court holds that she has not stated a plausible claim for relief.  Accordingly, the Court will dismiss Martin's claims asserted against USDOT.

B.      **KYTC's Motion to Dismiss**

KYTC argues that it is immune to suit under the doctrine of sovereign immunity and moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1).  (Def.'s Mem. Supp. Mot. Dismiss 3, DN 28-1 [hereinafter KYTC's Mot.]).  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.   The Supreme Court has also "made clear that the sovereign immunity of the states . . . extends to actions brought against a state by its own citizens."  *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (quoting *S.J. v. Hamilton Cty.*, 374 F.3d 416, 419 (6th Cir. 2004). The Sixth Circuit has explained that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).  Moreover, "[s]overeign immunity applies not only to the states themselves, but also to 'state instrumentalities,'" and regardless of the relief sought.  *S.J. v. Hamilton Cty.*, 374 F.3d 416, 419 (6th Cir. 2004) (quoting *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

It is clear that KYTC is an arm of the state for the purposes of sovereign immunity. *Wilder v. Hall*, 501 F. Supp. 2d 887, 897 (E.D. Ky. 2007) (citing *Chaz Constr. LLC v. Codell*, 137 F. App'x 735, 745 (6th Cir. 2005); *Gritton v. Disponett*, No. 05-75, 2006 WL 2587778, at *2 (E.D. Ky. Sept. 6, 2006); *Commonwealth, Transp. Cabinet v. Hall*, No. 2005-CA-000862-MR, 2006 WL 3456617, at *3 (Ky. App. Dec. 1, 2006)).  *See also* KRS 12.250 (establishing the

KYTC within Kentucky's government); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (holding that Eleventh Amendment barred claims against KYTC).   Therefore, this Court agrees the Eleventh Amendment bars this lawsuit against KYTC unless an exception to sovereign immunity is established.   *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987).

There are three exceptions to a state's sovereign immunity.   The first exception is when the state consents to suit.   *Alden v. Maine*, 527 U.S. 706, 755 (1999).   Kentucky has not consented to suit with respect to the claims asserted against KYTC in this forum.[2]   The second exception is when Congress has abrogated a state's sovereign immunity by statute.   *Seminole Tribe of Fla.*, 517 U.S. at 54.   No statute exists that would waive immunity in the present action. Finally, the third exception is when a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.   *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).   That is not the case here as Martin seeks monetary relief in the amount of $100 million dollars but has requested no injunctive relief.   (Compl. 13).

The Court holds that KYTC, as an agency of the Commonwealth, is immune from suit under the Eleventh Amendment.   Accordingly, KYTC's motion to dismiss will be granted.

**C.   Plaintiff's Motions for Summary Judgment and Defendant's Motion to Strike**

As the Court determined above that Martin's claims against USDOT and KYTC will be dismissed, Martin's Motions for Summary Judgment will be denied as moot.   Additionally, USDOT's Motion to Strike will be denied as moot.

---

[2] Martin's claims against KYTC may fall within the Kentucky's limited waiver of sovereign immunity as set forth in KRS 49.010-49.180, which provides a procedural forum in the Kentucky Claims Commission for negligence claims against the Commonwealth of Kentucky.

### III.   <u>CONCLUSION</u>

For the reasons discussed above, **IT IS HEREBY ORDERED**:

1.     Defendant USDOT's Motion to Dismiss (DN 23) is **GRANTED**;

2.     Defendant KYTC's Motion to Dismiss (DN 28) is **GRANTED**;

3.     Plaintiff's Motions for Summary Judgment (DN 24, 33, 34) are **DENIED AS MOOT**; and

4.     Defendant's Motion to Strike Plaintiff's Motions for Summary Judgment (DN 35) is **DENIED AS MOOT**.


**Greg N. Stivers, Judge**
**United States District Court**
July 25, 2017


cc:     counsel of record
         Plaintiff, *pro se*

8